IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01046-MSK-KLM

TERRI RIVERA,

    Plaintiff,

v.

RCR SOLUTIONS, INC.,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Default Judgment** [Docket No. 22; Filed December 14, 2009] (the "Motion").  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR. 72.1.C., the Motion has been referred to this Court for recommendation. The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises.  Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that the Motion be **DENIED without prejudice**.

### I. Background

Plaintiff brings this case pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  *Complaint* [#1] ¶ 3.  She also asserts a claim for invasion of privacy.  *Id.* at ¶¶ 51-53.  Plaintiff incurred a debt and Defendant is a debt collector as defined by the FDCPA.  *Id.* ¶¶ 5, 7.

The following facts are set forth in Plaintiff's complaint.  On or around October 20,

2008, Plaintiff retained an attorney to file bankruptcy. *Id.* ¶ 9. On February 9, 2009, Plaintiff's mother-in-law, Gloria, received a telephone call from Defendant regarding Plaintiff's debt. *Id.* ¶ 10. During the conversation, Defendant spoke to Gloria in a harassing, oppressive and/or abusive manner. *Id.* ¶ 16. Defendant disclosed the existence, nature, and/or amount of Plaintiff's debt to Gloria. *Id.* ¶ 13. On or around February 9, 2009, Plaintiff communicated with Defendant, who spoke to Plaintiff in a harassing, oppressive and/or abusive manner. *Id.* ¶ 16. Plaintiff notified Defendant that Plaintiff was represented by an attorney for bankruptcy purposes. *Id.* ¶ 17.

Despite having Plaintiff's location information, on or around February 11, 2009, Defendant telephoned Gloria again in a harassing, oppressive and/or abusive manner. *Id.* ¶ 19. Despite having notice of Plaintiff's representation, on or around February 11, 2009, Defendant telephoned Plaintiff. *Id.* ¶ 20. Defendant threatened to file felony charges against Plaintiff in Adams County if Plaintiff did not satisfy the debt immediately. *Id.* ¶ 22.

On or around February 18, 2009, Defendant telephoned Plaintiff and left a voice message. Defendant represented that legal action was being taken, or would be taken, against Plaintiff. *Id.* ¶¶ 23, 25. On or around March 4, 2009, Defendant telephoned Plaintiff and again threatened to take legal action against Plaintiff. *Id.* ¶ 29. Defendant represented to Plaintiff that legal action would be taken against Plaintiff unless Plaintiff called Defendant and resolved the debt before 9:00 pm that day. *Id.* ¶ 30.

Plaintiff filed this action on May 5, 2009. *Id.* Defendant was allegedly served with the complaint but failed to file a pleading or otherwise defend. *Entry of Default* [#18]. Plaintiff's Application for Clerk's Entry of Default was granted by the Clerk of the Court on October 1, 2009. *Id.*

## II. Analysis

Default may enter against a party who fails to appear or otherwise defend the case brought against it pursuant to Fed. R. Civ. P. 55. Default was entered against Defendant on October 5, 2009. *Entry of Default* [#18]. However, even after entry of default, it is for the Court to decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (unpublished decision) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

### A. Jurisdiction

In determining whether entry of judgment is warranted, the court must first consider whether the Court has personal and subject matter jurisdiction in the case. *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The subject matter jurisdiction in this case is based on a federal question, the FDPCA, *see* 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Therefore, the Court has subject matter jurisdiction in this matter.

As for personal jurisdiction, the Court must address the adequacy of service of process on the Defendant. *Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211-MSK-MEH, 2008 WL 5651458, at *2 (D. Colo. Aug. 5, 2008) (unpublished decision). Plaintiff has the burden of demonstrating proper service on Defendant. *FDIC v. Oaklawn Apartments,* 959 F.2d

170, 174 (10th Cir. 1992)  A domestic corporation can be properly served by delivering a copy of the summons and complaint to "any agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h).  According to the Affidavit of Service completed by a process server, a copy of the summons and complaint was delivered to Brenda L. Wieszchowski, RCR Solutions, Inc. at 14167 Redwood Street, Springhill, Florida 34609.  *Affidavit of Service* [#16].  Plaintiff provides no evidence that Ms. Wieszchowski is Defendant's designated agent for service of process, or otherwise authorized by law to receive service of process for Defendant.  Since Plaintiff has not shown that Defendant has been properly served, this Court lacks personal jurisdiction over Defendant.  *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

### III. Conclusion

Based on the foregoing, I respectfully **RECOMMEND** that the Motion be **DENIED without prejudice** and that Plaintiff be allowed to supplement her Motion for Default Judgment with any appropriate evidence relating to Ms. Weiszchowski's status as an agent who may receive service of process for Defendant.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: February 17, 2010

                                            BY THE COURT:

                                            s/ Kristen L. Mix
                                            Kristen L. Mix
                                            United States Magistrate Judge